**E-Z MART STORES, INC., Appellee,**

Jerry McLaughlin, Intervenor,

v.

**Terry KIRKSEY, Individually and as a police officer, Rosendo Marin, Individually and as a police officer, William Shackelford, Individually and as a police officer, Appellants,**

**City of Malvern, Jim Sutherland, Individually and as a police officer.**

No. 88–2778.

United States Court of Appeals, Eighth Circuit.

Submitted June 16, 1989.

Decided Sept. 19, 1989.

J. Winston Bryant, N. Little Rock, Ark., for appellants.

James W. Tilley, Little Rock, Ark., for appellee.

Before BEAM, Circuit Judge, and HEANEY and BRIGHT, Senior Circuit Judges.

BEAM, Circuit Judge.

Terry Kirksey, Rosendo Marin, and William Shackelford, police officers in Malvern, Arkansas, appeal the district court's denial of their motion for summary judgment. We remand with instructions.

## I. BACKGROUND

Arkansas statutes prohibit the sale of intoxicating liquor in any county in which a majority of the electors have voted against such sale. Ark.Code Ann. §§ 3–8–208, 3–8–209 (1987). "Intoxicating liquor" is defined as "any beverage containing more than one-half of one percent (½ of 1%) of alcohol by weight." *Id.* § 3–8–201. The City of Malvern is located in Hot Spring County, a dry county in which it is illegal to sell alcoholic beverages.

On April 7, 1988, Officer Marin discovered that a local E–Z Mart convenience store was selling Texas Select, a malt beverage containing "less than 0.5% alcohol by volume." Officer Marin became concerned that Texas Select might be an illegal alcoholic beverage and contacted Sergeant Shackelford for instructions.

Marin and Shackelford took a can of the beverage to the City Attorney, who advised them to confiscate all cans of Texas Select from the E–Z Mart store. They then ran a breath alcohol test on two young men who had drunk two cans each of Texas Select, and one of the two men registered a slight indication of alcohol consumption. Shackelford also called a local circuit judge, who advised that a beverage containing any alcohol was illegal in Hot Spring County.

Marin, Shackelford, Kirksey, and Lieutenant Jim Sutherland then confiscated ten cans of Texas Select from the E–Z Mart store. Jerry McLaughlin, the assistant manager of the store, was issued a citation for selling an alcoholic beverage. Between April 7, 1988, and McLaughlin's court date of April 18, 1988, the City Attorney obtained conclusive proof that Texas Select does not contain a sufficient amount of alcohol to be in violation of Arkansas law. However, McLaughlin was required to present herself in open court before the charges against her were ultimately *nolle prossed.*

On May 27, 1988, E–Z Mart Stores, Inc., filed this lawsuit under 42 U.S.C. §§ 1983, 1985, 1986 (1982); and on October 5, 1988, McLaughlin filed a complaint in intervention. Both parties claimed that their constitutional rights had been violated by the officers' unlawful arrest and search and seizure. The officers moved for summary judgment, asserting qualified immunity based on probable cause. The district court denied summary judgment on this issue, finding that genuine issues of material fact remained as to probable cause. The court pointed to internal factual inconsistencies in the defendants' exhibits, which consisted of the signed statements of the officers, police dispatcher, and Lieutenant Sutherland. Apparently, the factual dispute revolves around Sutherland's statement to the other officers that Texas Select was not beer, but what is called "near beer," and is not considered an alcoholic drink.

## II. DISCUSSION

■ The officers assert the defense of qualified immunity, claiming that they had probable cause to seize the cans of Texas Select and to issue a citation to McLaughlin, based on extraordinary circumstances and the advice of counsel. Qualified immunity is a question of law, to be considered *de novo* on appeal. *Garionis v. Newton,* 827 F.2d 306, 309 (8th Cir.1987) (citing *Mitchell v. Forsyth,* 472 U.S. 511, 527–29, 105 S.Ct. 2806, 2816–17, 86 L.Ed.2d 411 (1985)).

■ The officers are entitled to qualified immunity "unless their actions violated clearly established law." *Garionis,* 827 F.2d at 308 (citations omitted). More specifically, the issue is "whether a reasonable officer could have believed that there was probable cause" to seize the cans and issue the citation. *Id.* Probable cause exists if "a reasonably cautious person in [the officer's] position" would have concluded that, under the circumstances, the law was being violated. *Id.* at 309. The standard is an objective one. *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). *See also Anderson v. Creighton,* 483 U.S. 635, 638–41, 107 S.Ct. 3034, 3038–40, 97 L.Ed.2d 523 (1987) (stating that "whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal

reasonableness' of the action" but does not include an inquiry into the official's subjective intent or beliefs).

Ordinarily, a qualified immunity defense will fail if, as here, the law was clearly established at the time the action occurred, "since a reasonably competent public official should know the law governing his conduct." *Harlow*, 457 U.S. at 818–19, 102 S.Ct. at 2738. However, if the official claims that extraordinary circumstances existed and can prove, based on objective factors, that he neither knew nor should have known the relevant legal standard, the defense should be applied. *Id.* at 819, 102 S.Ct. at 2738–39. "[I]t is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present, and * * * in such cases those officials * * * should not be held personally liable." *Anderson*, 483 U.S. at 641, 107 S.Ct. at 3040.

The officers in this case claim that extraordinary circumstances existed which entitle them to qualified immunity. They point to the fact that the Texas Select label stated that the beverage contained alcohol, the beverage is like beer in almost every respect, and two cans of the beverage caused a young man to register (albeit minimally) on the breath alcohol test. The officers also note that they relied on the opinions of a local judge and the City Attorney in making their determination of probable cause. The officers fail to mention, however, whether Lieutenant Sutherland advised them that Texas Select is not an alcoholic beverage.

We believe that Lieutenant Sutherland's advice to the officers is crucial to the issue of qualified immunity. While it may be true that the officers relied on the erroneous opinions of the City Attorney and a local judge, following such advice does not automatically cloak one with qualified immunity, but rather, is used to show the reasonableness of the action taken. *Wentz v. Klecker*, 721 F.2d 244, 247 (8th Cir.1983). Furthermore, while the product may appear to be an alcoholic beverage in many respects, the officers should not be allowed to ignore a statement by their superior officer that the product was not alcoholic and not in violation of the law.

E–Z Mart would have us deny qualified immunity solely on the grounds that the officers should have read the statute and known, by looking at the can of Texas Select, that the product did not violate Arkansas law. We disagree. Even if the officers had consulted section 3–8–201 of the Arkansas Code, they would have found that an "intoxicating liquor" contains more than 0.5% alcohol *by weight*. In contrast, the can of Texas Select indicated that the beverage contained less than 0.5% alcohol *by volume*. We do not think it is objectively, legally reasonable to expect the average police officer to know the conversion of weight to volume on the spur of the moment. Therefore, we do not find E–Z Mart's argument to be persuasive.

Thus, we remand to the district court for a factual determination as to what, if anything, Lieutenant Sutherland told Officers Kirksey, Marin, and Shackelford on the night of April 7th. If Sutherland's report that he informed the officers of the legality of Texas Select is accurate, then the defense of qualified immunity must fail. A reasonable officer would have analyzed the statute governing the situation and relied on the interpretation and recommendation of his superior officer. If, however, the court determines that Lieutenant Sutherland did not communicate his beliefs to the officers, then we conclude that the actions of the officers were indeed objectively reasonable in light of the confusing variation in terms between the statute and the label coupled with the opinions of the City Attorney and the local judge.

## III. CONCLUSION

For the reasons set forth, we remand to the district court with instructions.