921 F.2d 165
 Richard D. POWELL, Jr., Appellee,
v.
Valerie BASHAM, Director, Pulaski County Personnel
Department, in her official and individual capacity; J.M.
Beach, Former Chief Deputy, Pulaski County Sheriff's
Department, in his official and individual capacity; B.F.
Brown, Sergeant, Pulaski County Sheriff's Department, in his
official and individual capacity; R.D. Day, Captain,
Pulaski County Sheriff's Department, in his individual and
official capacity; Carroll L. Gravett, Pulaski County
Sheriff, in his official and individual capacity; Roy
Hinson, Chief Deputy, Pulaski County Sheriff's Department,
in his individual and official capacity; James Vinson,
Chief Deputy, Pulaski County Sheriff's Department, in his
individual and official capacity, Appellants.
 No. 90-2003.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Dec. 3, 1990.
Decided Dec. 11, 1990.
 
 Joe Morphew, Little Rock, Ark., for appellants.
 Richard Quiggle, Little Rock, Ark., for appellee.
 Before ARNOLD, BOWMAN and MAGILL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendants, officials and employees of the Pulaski County, Arkansas, Personnel and Sheriff's Departments, appeal from an order of the District Court[1] denying their motion for summary judgment based on qualified immunity. We affirm.
 
 
 2
 Richard D. Powell, Jr., a deputy sheriff in the Pulaski County Sheriff's Department, commenced this 42 U.S.C. Sec. 1983 action against defendants, in their individual and official capacities, alleging that they (1) deprived him of a property interest without due process by failing to award promotions based on merit; and (2) denied him promotions and harassed him because of his criticism of the department's promotion system and practices, in violation of the First Amendment. Defendants moved for summary judgment on both claims. On the First Amendment claim, defendants argued, inter alia, that they were entitled to qualified immunity because Powell's First Amendment right to criticize the promotion system and practices had not been clearly established by 1987-88.
 
 
 3
 Sheriff Gravett's accompanying affidavit stated that Powell had never been denied a promotion due to vindictiveness, political considerations, "or any other reason not associated with abilities, work performance, and the proper functioning of the sheriff's office." Gravett also denied that he or any other defendant had ever intimidated or verbally abused Powell. Powell responded with an affidavit which asserted that he and other officers associated with the Fraternal Order of Police became concerned when Gravett instituted his own promotion system in April 1987. They felt the system would allow Gravett unfettered discretion in hiring and promotions and would re-establish a "good ole boy" network that would be detrimental to both the department and the public. Powell informed his immediate superiors and Gravett of these concerns in 1987. Powell continued to complain about the promotion practices and contacted an attorney, who wrote Gravett concerning the promotion system on February 23, 1988. The next day, Powell met with Gravett, Chief Deputy Hinson, and Chief Deputy Vinson. During the meeting, Gravett, Hinson, and Vinson berated Powell for complaining about the promotion system. Powell asserted that he was denied two promotions in 1988 because of his complaints.
 
 
 4
 The District Court granted defendants' motion on the due-process claim. On the First Amendment issue, the District Court ruled that Powell's criticism of the department's promotion system and practices involved a matter of public concern, the efficient operation of the department, and that defendants had failed to show that Powell's criticism adversely affected the department's efficiency. The Court therefore concluded Powell's speech was entitled to First Amendment protection, and rejected defendants' qualified-immunity defense on the authority of Cox v. Dardanelle Pub. School Dist., 790 F.2d 668 (8th Cir.1986). The Court reasoned that Powell's criticism of defendants' promotion system and practices was sufficiently similar to the teacher's criticism of administrative and personnel policies in Cox to establish Powell's First Amendment right to engage in this speech. On appeal defendants contend the District Court erred by rejecting their qualified-immunity defense.
 
 
 5
 Qualified immunity shields a public official from personal liability for constitutional violations "if his conduct was objectively reasonable as measured by clearly established law." Darnell v. Ford, 903 F.2d 556, 562 (8th Cir.1990) (citing Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). To overcome this defense, the contours of the right must be clear enough to enable a reasonable official to understand that what he or she is doing violates that right. Anderson v. Creighton, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987). It is not necessary, however, to show that "the very action in question has previously been held unlawful." Id.
 
 
 6
 Defendants argue that Powell's First Amendment right to criticize the department's promotion practices was not clearly established by 1987-88. We disagree. The First Amendment right of public employees to comment on matters of public concern without fear of reprisal has long been established. See, e.g., Connick v. Myers, 461 U.S. 138, 142, 103 S.Ct. 1684, 1687, 75 L.Ed.2d 708 (1983); Pickering v. Board of Educ., 391 U.S. 563, 574, 88 S.Ct. 1731, 1737, 20 L.Ed.2d 811 (1968). Powell's criticism of defendants' promotion system and practices went beyond his own dissatisfaction and involved concerns expressed by other department employees. Cf. Connick, 461 U.S. at 148, 103 S.Ct. at 1690 (single employee's dissatisfaction with transfer not matter of public concern). He informed his superiors of the adverse impact the department's promotion practices could have on its operations, a matter in which the public has a substantial interest. See Cox, 790 F.2d at 673 (teacher's criticism, designed to inform principal that principal's actions were interfering with school's educational function, protected by First Amendment). Powell also expressed concern that Gravett's promotion practices would cause qualified officers to leave the department, thereby increasing training costs and decreasing efficiency. These comments involve matters of public concern and are sufficiently similar to those found protected in Cox to establish clearly Powell's First Amendment right to engage in this speech.
 
 
 7
 Defendants argue that Cox is distinguishable because it involved a discharge rather than denial of a promotion and a school district rather than a law-enforcement agency. These distinctions are insignificant. See, e.g., Bennis v. Gable, 823 F.2d 723, 731 (3d Cir.1987); Robb v. City of Philadelphia, 733 F.2d 286, 295 (3d Cir.1984) (denying promotion because of employee's speech states section 1983 claim for violation of First Amendment). While courts have acknowledged the existence of special concerns with respect to law-enforcement agencies which allow for greater restrictions on free expression, these concerns relate to the employer's need to maintain harmony in the workplace and curb expression that might lead to controversy and conflict. See, e.g., Benson v. Allphin, 786 F.2d 268, 278 (7th Cir.), cert. denied, 479 U.S. 848, 107 S.Ct. 172, 93 L.Ed.2d 109 (1986). Defendants have not yet produced any evidence to show that Powell's criticisms adversely affected the efficiency of the department.
 
 
 8
 Accordingly, we affirm the District Court's decision to deny defendants' motion for summary judgment on the ground of qualified immunity.
 
 
 
 [1]
 The Honorable Elsijane Trimble Roy, Senior United States District Judge for the Eastern and Western Districts of Arkansas