960 F.2d 1053
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Andrew J. Sales, Jr., Appellant,
v.
Bill Smith, Appellee.
 No. 92-1025EM.
 United States Court of Appeals, Eighth Circuit.
 Submitted: April 3, 1992.
Filed: April 28, 1992.
 
 Before BOWMAN, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Andrew J. Sales, Jr., a Missouri prisoner, appeals from the district court's[1] order granting defendant Bill Smith summary judgment on Sales' 42 U.S.C. § 1983 claim. We affirm.
 
 
 2
 Sales filed a § 1983 complaint alleging that Smith, a detective with the City of Sikeston, Missouri, Department of Public Safety, violated his Fourth Amendment rights by swearing out, without probable cause, a felony complaint accusing Sales of burglary and stealing.[2] The parties filed cross-motions for summary judgment. Sales argued he was entitled to judgment as a matter of law because the felony complaint contained insufficient facts to establish probable cause to believe he had committed the crimes alleged in the complaint. Smith responded by arguing that the investigation reports he filed along with the felony complaint were more than sufficient to establish probable cause, and therefore, he was immune from liability. Smith attached an affidavit and copies of the reports to his motion.
 
 
 3
 The district court granted Smith's motion for summary judgment on the ground of qualified immunity. The court reasoned that the information contained in the investigation reports established sufficient probable cause for the issuance of the felony complaint. The court noted that Sales did not refute any of the facts presented by Smith regarding the circumstances surrounding Sales' arrest.
 
 
 4
 On appeal, Sales argues that the complaint executed by Smith lacked any facts to support a finding of probable cause that Sales had committed burglary and stealing. He asserts that all Smith knew at the time he signed the complaint was that Sales had possessed stolen property.
 
 
 5
 After reviewing the record de novo in the light most favorable to Sales, see United States ex rel. Glass v. Medtronic, Inc., No. 91-1160, slip op. at 4 (8th Cir. Feb. 26, 1992), we conclude the district court correctly granted Smith's motion for summary judgment. Our reasoning, however, differs from the district court's. The qualified immunity defense protects a public official from personal liability for constitutional violations if the official's actions were objectively reasonable in light of clearly established law. Powell v. Basham, 921 F.2d 165, 167 (8th Cir. 1990) (per curiam). A threshold question is whether the plaintiff has established a constitutional violation. See Siegert v. Gilley, 111 S. Ct. 1789, 1793 (1991); Peterson v. City of Plymouth, 945 F.2d 1416, 1419 (8th. Cir. 1991).
 
 
 6
 Here, in support of his claim that his Fourth Amendment rights were violated, Sales alleged that Smith applied for a warrant for Sales' arrest without probable cause to believe that Sales committed the offenses of burglary and stealing. If Smith's warrant application was supported by probable cause, "it is not necessary to consider an immunity defense." Foster v. Metropolitan Airports Comm'n, 914 F.2d 1076, 1079 (8th Cir. 1990). Probable cause exists when a police officer has knowledge or reasonably trustworthy information of facts and circumstances sufficient to justify a reasonable belief that the accused has committed an offense. Beck v. Ohio, 379 U.S. 89, 91 (1964); Clay v. Conlee, 815 F.2d 1164, 1168 (8th Cir. 1987).
 
 
 7
 The felony complaint, standing alone, does not contain sufficient facts to support a finding of probable cause. The complaint merely asserts that Sales committed the offenses. The information in the investigation reports, however, provides ample support for a finding of probable cause. Smith investigated the burglary of the Murray Lane Animal Hospital, and discovered that several pieces of office equipment had been stolen. Shortly thereafter, Smith learned that Sales had sold some equipment to Dale White. Sikeston officers determined that the equipment White bought had been stolen from the hospital. White later identified Sales from a photographic lineup, and the $600 check White gave Smith in exchange for the equipment was recovered after it had been cashed by Sales. Based on this information, Smith had reason to believe that Sales had committed the offenses of burglary and stealing. See, e.g., Missouri v. Pickett, 642 S.W.2d 703, 705 (Mo. Ct. App. 1982) (unexplained possession of recently stolen property constitutes sufficient evidence to submit case of burglary and stealing to jury). Because we conclude that Smith's warrant application was supported by probable cause, we do not address the issue of qualified immunity. See Foster, 914 F.2d at 1079.
 
 
 8
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri
 
 
 [2]
 The charges were dismissed after Sales was convicted of receiving stolen property