Warren E. BUZEK, Plaintiff–Appellee,

v.

The COUNTY OF SAUNDERS, State of Nebraska; Ron G. Poskochil, Individually and in His Official Capacity, Defendants–Appellants.

No. 91–3564.

United States Court of Appeals, Eighth Circuit.

Submitted June 11, 1992.

Decided Aug. 17, 1992.

Jerry W. Katskee, Omaha, Nebraska, argued, for defendants-appellants.

Thom K. Cope, Lincoln, Neb., argued (Patricia A. Knapp, on the brief), for plaintiff-appellee.

Before BOWMAN and LOKEN, Circuit Judges, and LARSON, Senior District Judge.*

LOKEN, Circuit Judge.

Defendants in this § 1983 action are the County of Saunders, Nebraska, and its Sheriff, Ronald G. Poskochil. They appeal the district court's [1] judgment entered on a jury verdict finding that former Deputy Sheriff Warren E. Buzek's discharge violated his First and Fourteenth Amendment rights and breached his employment contract. Defendants argue that the district court erred in its First Amendment and qualified immunity determinations and in denying defendants judgment notwith-

---

* The Honorable Earl R. Larson, Senior United States District Judge for the District of Minnesota, sitting by designation.

1. The Honorable William G. Cambridge, United States District Judge for the District of Nebraska.

standing the verdict on the County liability and due process issues. We affirm.

## I.

Poskochil hired Buzek in January 1985. Buzek had a stormy relationship with Poskochil's chief deputy and constantly criticized the practices and policies of the department. However, Buzek survived until December 1989, when Poskochil fired him because of the following incident.

In November 1989, Sandra Chromy asked Buzek to write a letter to a judge in neighboring Dodge County who was about to sentence Chromy's son Robert for a sexual assault conviction. Buzek had arrested Robert a number of times and had worked with the family to keep him out of trouble. Buzek told Chromy that if his supervisors consented he would write a letter on Robert's behalf.

Shortly thereafter, Buzek took a draft letter to Sergeant Tilford Tucker of the Sarpy County Sheriff's Department, Buzek's supervisor on a multi-county drug task force to which he was then assigned. Tucker warned Buzek of the "professional ethics" question if a police officer intervened on behalf of a criminal defendant, and suggested that Buzek clear the letter with the Dodge County prosecutor. Ignoring this advice, Buzek sent the letter without notifying the Dodge County prosecutor or Poskochil.[2]

Some months earlier, after an unrelated disagreement, the Dodge County prosecutor, Dean Skokan, had told Poskochil and Tucker that Buzek should "stay out of Dodge County." Now, Skokan sent an angry letter to Poskochil complaining about Buzek's letter to the judge. (Skokan's letter was not offered at trial, and no witness testified to its contents.) On December 21, Sheriff Poskochil told the Saunders County Attorney that he wanted to fire Buzek and

asked what steps he should follow. The County Attorney testified: "what I told [Poskochil] was that it's his call, it's his office, he runs it the way he sees fit."

The next day, Poskochil summoned Buzek and fired him. According to Buzek, Poskochil "advised me that the letter that I had written was an embarrassment to the county and to the Saunders County Sheriff's Department and he would have to dismiss me." Poskochil refused to postpone the termination until after Christmas. When Buzek said that he wanted to grieve his discharge, Poskochil replied, "Step one: denied. Go to step two."

The grievance procedures for all but a few Saunders County employees are contained in an employee handbook that Buzek received on his first day of work. "Step two" of those procedures is a written appeal to the County Board of Supervisors. Buzek promptly filed his appeal, but the Board of Supervisors did not respond and gave Buzek no opportunity to present his side of the story.

Buzek then commenced this action in federal court against the County and Poskochil. At the close of trial, the district court instructed the jury that Buzek's letter was protected speech that was a substantial or motivating factor in his discharge, in effect directing a verdict that Poskochil and the County were liable on Buzek's First Amendment claim. The jury found that both defendants had violated Buzek's procedural due process rights, and that the County had breached Buzek's employment contract as reflected in the County's employee handbook. The jury awarded $72,000 in compensatory damages and $50,000 for emotional distress and reputation damage against both defendants, and $5,000 in punitive damages against Poskochil only. The court awarded an additional $17,251 in attorney fees and costs. This appeal followed.

---

**2.** The letter read, in part:

Bobby is a very intelligent person, and street wise. He has always been very honest with me even when the truth meant that I would take him to jail, and he knowing I would, Bobby also has been very helpful in solving numerous crimes for me in the past. . . .

Your Honor, I would not attempt to influence your position, but I know there still is a good Robert because I have met him many times and I would consider helping Bobby in anyway I could. . . .

/s/Investigator Warren E. Buzek  .
Saunders County Deputy Sheriff

## II.

**A. The First Amendment Claim.** Defendants first argue that the district court erred in instructing the jury that Buzek's letter was protected First Amendment speech and was a substantial or motivating factor in his dismissal. It is settled that "a State cannot condition public employment on a basis that infringes the employee's constitutionally protected interest in freedom of expression." *Connick v. Myers,* 461 U.S. 138, 142, 103 S.Ct. 1684, 1687, 75 L.Ed.2d 708 (1983). *Connick* prescribed a two-part balancing test for determining whether particular speech by a public employee merits First Amendment protection. Because this balancing presents a question of law for the court, *Id.* at 150 & n. 10, 103 S.Ct. at 1692 & n. 10, the district court was correct in deciding this issue and instructing the jury accordingly.

■ 1. The initial question is whether Buzek was speaking on a matter of public concern. Buzek's letter concerned the sentencing of Robert Chromy. The proper sentencing of convicted criminals is clearly a matter of public concern. This public concern is not diminished because the speaker is a law enforcement officer. *Compare Melton v. City of Oklahoma City,* 879 F.2d 706, 713–14 (10th Cir.1989), *overruled on other grounds,* 928 F.2d 920 (10th Cir.1991) (en banc). Indeed, as Sergeant Tucker told Buzek, police officers regularly make recommendations as to appropriate sentences. Thus, we agree with the district court that Buzek's letter satisfies this part of the *Connick* test.

2. Speech on a matter of public concern is not *protected* speech unless "the interests of the [employee], as a citizen, in commenting upon matters of public concern [outweigh] the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees." *Pickering v. Board of Educ.,* 391 U.S. 563, 568, 88 S.Ct. 1731, 1734–35, 20 L.Ed.2d 811 (1968), quoted in *Connick,* 461 U.S. at 140, 103 S.Ct. at 1686. In this case, defendants introduced *no evidence* that Buzek's letter impaired the efficient functioning of the department or damaged its public reputation, other than Poskochil's cryptic remark that Buzek had embarrassed the department. Skokan's letter might have been relevant in this regard, but it was not put in evidence, perhaps because Poskochil had kept Buzek on for months after Skokan's angry instruction that Buzek was to stay out of Dodge County—thus, Buzek's discharge could hardly be justified because he wrote a letter that irritated Skokan.

We are mindful that law enforcement agencies, more than other public employers, have special organizational needs that permit greater restrictions on employee speech. *See Crain v. Board of Police Comm'rs,* 920 F.2d 1402, 1409 (8th Cir. 1990); *Hughes v. Whitmer,* 714 F.2d 1407, 1419 (8th Cir.1983), *cert. denied,* 465 U.S. 1023, 104 S.Ct. 1275, 79 L.Ed.2d 680 (1984). However, because defendants failed to offer any proof that Buzek's letter had a detrimental impact on the department's legitimate interests, we agree with the district court's determination that Buzek's letter was protected speech as a matter of law. *See Rankin v. McPherson,* 483 U.S. 378, 388–92, 107 S.Ct. 2891, 2899–2901, 97 L.Ed.2d 315 (1987); *Powell v. Basham,* 921 F.2d 165, 168 (8th Cir.1990).

■ 3. There remains the issue of causation. In *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 287, 97 S.Ct. 568, 576, 50 L.Ed.2d 471 (1977), the Court held that a public employee must prove that his protected speech was a "substantial or motivating factor" in the employer's decision to fire him; the employer may then avoid liability by proving that it would have fired the employee anyway. Defendants correctly argue that whether Buzek's letter was a "substantial or motivating" factor in their decision to fire him and whether he would have been fired anyway are typically questions of fact for the jury. Thus, the district court's decision to direct a verdict for Buzek on this issue would be improper if, construing all the evidence and inferences in defendants' favor, reasonable jurors could have concluded differently. *See City Nat'l Bank v.*

*Unique Structures, Inc.*, 929 F.2d 1308, 1312 (8th Cir.1991).

On this issue, Sheriff Poskochil's trial testimony is critical. He testified on direct examination:

Q. Why did you terminate Mr. Buzek?

A. I dismissed Mr. Buzek from my employ, because I felt that he used poor judgment in the deliverance of the letter in a sentencing in Dodge County and also because of his prior record of poor judgment.

And on cross examination:

Q. Did you fire him because of his actions concerning the letter?

A. Yes, I did.

\* \* \* \* \* \*

Q. Mr. Poskochil, would Warren Buzek have been terminated in December of 1989 had he not written the letter to Judge Fuhrman?

A. No.

And on redirect examination:

Q. Is it your testimony that [the letter] was not the sole consideration in your determination?

A. In my mind, no, that was not the only reason.

Given this testimony, and the County Attorney's testimony that this was exclusively Poskochil's decision to make, we agree with the district court's decision to direct a verdict for Buzek on the *Mt. Healthy* causation issues.

■ B. *The County's Liability.* The County argues that there was insufficient evidence to hold it liable for Sheriff Poskochil's wrongful acts. The district court instructed the jury that they should find the County liable if the actions of Sheriff Poskochil were the "official policy" of the County. Quoting from the holding in *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483–84, 106 S.Ct. 1292, 1300, 89 L.Ed.2d 452 (1986), the district court explained that a single decision could reflect official County policy

provided that a deliberate choice to follow a course of action was made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.

This lengthy instruction contained the adequate definition of official policy that we found missing in *Westborough Mall, Inc. v. City of Cape Girardeau*, 794 F.2d 330, 337–39 (8th Cir.1986), *cert. denied*, 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 688 (1987).

There was sufficient evidence to support the jury's finding that the County was liable under this standard. Poskochil's broad discretion to set policy as the County's elected Sheriff, and the County Attorney's testimony that Poskochil had exclusive authority to fire Buzek, adequately support the jury's determination that Poskochil possessed the discretionary, policymaking authority necessary to hold the County liable for this decision. *Compare City of St. Louis v. Praprotnik*, 485 U.S. 112, 129–31, 108 S.Ct. 915, 927–28, 99 L.Ed.2d 107 (1988). Therefore, the County's motion for j.n.o.v. was properly denied.

■ C. *Poskochil's Claim of Qualified Immunity.* Although he failed to move for summary judgment on this issue,[3] Poskochil argues that he is entitled to qualified immunity on Buzek's First Amendment damage claim as a matter of law. We review this question de novo. *E–Z Mart Stores, Inc. v. Kirksey*, 885 F.2d 476, 477 (8th Cir.1989). Public officials are entitled to qualified immunity when their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). To be clearly established, "the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987).

■ It is settled under *Connick* that the State may not punish a public employee

---

**3.** Qualified immunity is a question of law that "ordinarily should be decided by the court long before trial." *Hunter v. Bryant*, —— U.S. ——, ——, 112 S.Ct. 534, 537, 116 L.Ed.2d 589 (1991).

for engaging in constitutionally protected expression. However, this First Amendment right is not absolute. Under *Pickering,* the court must balance the employee's right as a citizen to comment on matters of public concern and the public employer's interest "in promoting the efficiency of the public services it performs through its employees." 391 U.S. at 568, 88 S.Ct. at 1735. The qualified immunity defense must provide "ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs,* 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986). To provide that ample protection in this context, the employer's justification for the discipline must be taken into account in determining whether the defendants' conduct was objectively reasonable, that is, whether a "reasonably competent officer would have concluded" that the discipline could be imposed without violating the employee's First Amendment rights. *Id.* Therefore, when *Pickering's* fact-intensive balancing test is at issue, the asserted First Amendment right "can rarely be considered 'clearly established' for purposes of the *Harlow* qualified immunity standard." *Bartlett v. Fisher,* 972 F.2d 911 (8th Cir.1992).

Nevertheless, we reject Poskochil's claim of qualified immunity. Buzek's letter unquestionably dealt with a matter of public concern. As we have explained, defendants failed to introduce at trial any evidence that would justify, under *Pickering's* balancing test, their decision to punish Buzek for his speech. Thus, the record here is like that in *Powell v. Basham,* 921 F.2d 165, 168 (8th Cir.1990), where we affirmed the denial of a motion for summary judgment on qualified immunity grounds because plaintiff's right to comment on matters of public concern was clearly established and "[d]efendants have not yet produced any evidence to show that Powell's criticisms adversely affected the efficiency of the department."

D. *The Due Process Issue.* Defendants argue that the district court erred in letting the jury decide that Buzek's due process rights were violated if it found that the grievance procedures in the Saunders County employee handbook apply to Deputy Sheriffs such as Buzek. The district court's instructions did effectively equate a right to the grievance procedures with a protected property interest in continued employment. This was error—such procedural rights cannot "create an independent substantive property right to continued employment when none would otherwise exist." *Stow v. Cochran,* 819 F.2d 864, 867 (8th Cir.1987). Here, the handbook expressly provided that Buzek was an at-will employee; the County's right to terminate was not limited to "discharge for cause," as it was in *Blankenbaker v. McCook Public Power Dist.,* 940 F.2d 384 (8th Cir.1991), which involved another Nebraska public employer. Therefore, while we agree with the district court that the question whether the handbook grievance procedures applied to Buzek was one for the jury, and while it is clear that Buzek was not afforded those procedures, this was not enough to establish a Fourteenth Amendment due process violation.

However, we conclude that this issue does not require reversal. The jury's damage award was based upon its finding that defendants breached Buzek's employment contract and violated his First Amendment and due process rights.[4] Defendants have not appealed the breach of contract claim, and we have affirmed the jury's verdict on the First Amendment claim. These two claims (particularly the latter) clearly support the entire damage award. Thus, any instructional error affecting only the due process claim was harmless.

For the foregoing reasons, the judgment of the district court is affirmed.

---

4. Although defendants have not raised the issue, the district court's instruction that the jury could award damages for lost wages based upon defendants' procedural due process violation was plain error under our decision in *Brewer v. Chauvin,* 938 F.2d 860 (8th Cir.1991) (en banc). But that error, too, was harmless.