William Stanley FOWLER,
Plaintiff–Appellant,

v.

James M. SMITH, Ed.D., etc., et
al., Defendants–Appellees.

94–60679.

United States Court of Appeals,
Fifth Circuit.

Nov. 3, 1995.

Carl Casteel, Laurence W. Watts, Mark G. Lazarz, Watts & Assoc., Houston, TX, for appellant.

Earl Luna, Randel B. Gibbs, Dallas, TX, for appellees.

Before GARWOOD, DUHÉ and PARKER, Circuit Judges.

ROBERT M. PARKER, Circuit Judge:

Plaintiff–Appellant, William Stanley Fowler ("Fowler") appeals the district court's grant of summary judgment in favor of Defendants–Appellees, James Smith, Ed.D. ("Smith") and Angleton Independent School District ("AISD"). We affirm.

## FACTS AND PROCEEDINGS BELOW

Fowler was employed under a term contract as the Director of Maintenance Operations for AISD beginning June 1977. Smith was hired as Superintendent of AISD in August 1989. In May 1990, Smith began an investigation of Fowler that resulted in his recommending that AISD discharge Fowler pursuant to the "for cause" term of his contract. Specifically, Smith alleged that Fowler used an AISD truck and gas for personal use, including trips to the lake and to a local pool hall, stored his boat and trailer on AISD property, kept a pool table in the maintenance building, used AISD personnel to run personal errands and took district property for his own use, sometimes declaring it scrap or salvage. AISD's Board of Trustees, after holding a pre-termination hearing, discharged Fowler for cause on October 3, 1990, prior to the end of his contract. Although Fowler was entitled to appeal AISD's decision to the Texas Commissioner of Education and then to state district court, he failed to avail himself of these avenues of relief. As a consequence of this failure, Fowler's subsequent state court suit for wrongful termination was dismissed for failure to exhaust administrative remedies.

Fowler filed suit in federal district court against Smith and AISD on May 11, 1993, alleging, *inter alia*, that his discharge (1) was unconstitutional retaliation for his exercise of First Amendment freedoms and (2) was in violation of substantive and procedural due process under the Fourteenth Amendment. Fowler's First Amendment claims are premised on his contention that Smith wanted to get rid of him because he spoke out in opposition to a proposal to privatize AISD's maintenance, custodial and food service departments. Appellees filed a Motion for Sum-

mary Judgment and Fowler responded. The district court, holding that Fowler failed to produce evidence sufficient to raise a genuine issue of material fact that his discharge violated either the First or Fourteenth Amendment, granted Appellees' motion as to all federal law claims and dismissed the remaining claims by declining to exercise its supplemental jurisdiction over the state law causes of action.

## STANDARD OF REVIEW

We review a district court's grant of summary judgment *de novo,* applying the same standard as did the district court. *Neff v. American Dairy Queen Corp.,* 58 F.3d 1063, 1065 (5th Cir.1995). Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions of file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). For purposes of summary judgment determination, all fact questions are viewed in the light most favorable to the nonmovant. *Hassan v. Lubbock Indep. Sch. Dist.,* 55 F.3d 1075, 1078 (5th Cir. 1995). But only materials which were included in the pretrial record and that would have been admissible evidence may be considered. *See Martin v. John W. Stone Oil Distrib., Inc.,* 819 F.2d 547, 549 (5th Cir.1987).

## EVIDENTIARY RULINGS

Fowler challenges the district court's ruling that the transcript of the school board's pre-termination hearing and Fowler's affidavit are inadmissible under the Federal Rules of Evidence. Appellees, for their part, challenge Fowler's interpretation of the district court's holding, stating that a close reading of the Order of Dismissal reveals that the court rejected only those parts of the transcript and affidavit that it considered incompetent.

While we agree that the Order of Dismissal rejects only incompetent evidence, it is not clear which specific portions of the proffered evidence were considered and which were rejected. Further, the district court states in its subsequent Order Denying Motion to Amend or Vacate Judgment, "This Court reiterates that the transcript of the school board hearing is inadmissible under the Federal Rules of Evidence."

Evidence on summary judgment may be considered to the extent not based on hearsay or other information excludable at trial. *Martin,* 819 F.2d at 549; *Salas v. Carpenter,* 980 F.2d 299, 304 (5th Cir.1992) (should not disregard entire affidavit just because a portion is inadmissible.) Therefore, we will review the hearing transcript and Fowler's affidavit, which have been included in the record on appeal, as well as all other evidence which was before the district court, to determine if there are genuine issues of material fact raised by competent evidence.

## FIRST AMENDMENT CLAIMS

Fowler makes two types of First Amendment claims. He claims first that he was discharged in violation of his right to free speech and secondly, that his discharge violated his right of association. The district court summarily dismissed his freedom of association claim, and Fowler does not challenge that ruling on appeal.

While "a public employee may not be discharged for exercising his or her right to free speech" under the First Amendment, it is clear that only certain speech is protected. *Thompson v. Starkville,* 901 F.2d 456, 460 (5th Cir.1990). This Court has established a three-part test to determine whether particular speech by a public employee is protected. *Id.* First, the speech must have involved a matter of public concern. *Id.* Second, the public employee's interest in commenting on matters of public concern must outweigh the public employer's interest in promoting efficiency. *Id.* The third prong of the test is based on causation; the employee's speech must have motivated the decision to discharge the employee. *Id.*

The district court granted summary judgment on Fowler's free speech claim based on the third prong of this test, holding that the evidence did not raise a genuine issue of material fact regarding whether Fowler's dis-

charge was motivated by his speech. Appellees argue that summary judgment should be affirmed, since Fowler points to no evidence supporting his assertion that he was fired because of—or even partially because of—his speech.

Fowler contends that a fact finder could conclude, based on inferences drawn from the evidence in the record, that his speech criticizing privatization motivated his termination. This Court has held that direct evidence in proving illegitimate intent is not required to avoid summary judgment in unconstitutional retaliation claims; circumstantial evidence will suffice. *Tompkins v. Vickers,* 26 F.3d 603, 608–09 (5th Cir.1994). We recognize that direct evidence of improper motive is usually difficult, if not impossible, to obtain and requiring direct evidence would effectively insulate from suit public officials who deny an improper motive in cases such as this. *Id.* at 609.

When viewed in the light most favorable to Fowler, there is admissible [1] evidence that (1) Smith had a previous friendship with Ray Terrell, an employee of the company that conducted the privatization study and sought a privatization contract with AISD; (2) when he was superintendent of two other school district, Smith had suggested that the school district privatize portions of their work force and contract with the company for which Terrell worked; (3) Terrell helped Smith obtain information about AISD and the superintendent job before he interviewed for the position; (4) as superintendent of AISD, Smith called Terrell and asked him to submit a privatization study proposal; (5) Fowler was a well-respected maintenance supervisor of AISD when Smith arrived; (6) Smith was determined to discharge Fowler.

 There is no direct evidence that Smith knew that Fowler was speaking out against privatization. Fowler's Affidavit asserts that he told his supervisor Peterson, coworkers, subordinates, and some of his neighbors that he was against privatization; he did not aver that he told Smith directly.

Fowler argues that Smith's knowledge can be inferred from Smith's May 11, 1990 letter to the AISD Board, in which Smith stated that he was not recommending that the Board accept the privatization proposal because of "[t]he negative morale effect on personnel in these departments including our supervisors, Glynis Ramsey and Stan Fowler[.]" Fowler points to no other evidence, direct or indirect, and we find none in the record that supports a finding of illegal motivation. Fowler also contends that the evidence supports the inference that Fowler's efficiency in running the maintenance department impeded Smith's plan for privatization. Rather than supporting Fowler's cause of action, this contention actually refutes his position. Smith's alleged motivation of forcing Fowler out so that a deteriorating maintenance department made privatization more attractive to the Board is not a violation of Fowler's First Amendment rights. Having reviewed the evidence in the record, we find that Fowler did not raise a genuine issue of material fact concerning whether or not his termination was motivated by his speech against privatization.

## FOURTEENTH AMENDMENT CLAIMS

Fowler alleges violations of both substantive and procedural due process.

 Procedural due process entitles a public employee with a property right in his employment to notice of the charges against the employee, an explanation of the employer's evidence, and an opportunity to present his side of the story. *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 546, 105 S.Ct. 1487, 1495, 84 L.Ed.2d 494 (1985); *Delahoussaye v. New Iberia,* 937 F.2d 144, 151 (5th Cir.1991). There is no dispute that Fowler received notice and an extensive pre-termination hearing. His procedural due process claim rests on his contention that he was denied an opportunity to present his side of the story, due to the hearing officer's exclusion of a proffered witness affidavit. The affidavit was a report by a school employee

---

1. Smith testified to facts (1) through (5) listed below, making any conceivable hearsay problems irrelevant because his testimony would be admissible as admissions of a party opponent. FED. R.EVID. 801(d)(2). For the same reason, the fact listed in item (6), which was based on the testimony of Donny Davis regarding what Smith said to him, would have been admissible. *See id.*

of an out of court statement made by Terrell suggesting that Fowler would be fired or forced out of his position. Because the specific statement identified by Fowler is inadmissible hearsay, *see* FED.R.EVID. 801(c), Fowler raised no genuine issue of material fact concerning his procedural due process claim.

 Public officials violate substantive due process rights if they act arbitrarily or capriciously. *Spuler v. Pickar,* 958 F.2d 103, 107–108 (5th Cir.1992). In *Thompson v. Bass,* 616 F.2d 1259, 1268 (5th Cir.), *cert. denied,* 449 U.S. 983, 101 S.Ct. 399, 66 L.Ed.2d 245 (1980), this Court held that a plaintiff who failed to show that his employer discharged him for exercising his First Amendment rights also failed to establish a substantive due process claim when both were "based primarily on" his factual allegation that his employer discharged him for speaking to a reporter.[2] Similarly, Fowler's substantive due process claim cannot withstand summary judgment if it is based on his claim that he was discharged for speaking against privatization because he failed to present a genuine issue of material fact that his discharge was motivated by his speech.

If Fowler's substantive due process claim is based on something other than his First Amendment claim, then this Court need only determine that Appellees' action was a rational means of advancing a legitimate government purpose. *Delahoussaye v. New Iberia,* 937 F.2d at 149. The district court held that "a review of the evidence reveals that the School had ample reason to terminate Fowler," supporting this finding with the facts that Fowler admitted to using a school truck to pull his boat on a weekend trip, kept a pool table in the maintenance building, stored his boat on school property, drove the school vehicle to pool halls, and sent school employees on personal errands. Fowler's position is that he had authorization for these activities, such that they did not amount to cause for his dismissal. However, the appropriate inquiry is not whether Fowl-

er engaged in the misconduct at issue, but whether the Appellees "had sufficient reason to believe that he engaged in misconduct so that [their] action was not wholly arbitrary or irrational." *Id.* at 151. Even when viewed in the light most favorable to Fowler, the record clearly indicates sufficient reason to believe that Fowler engaged in the misconduct. Thus, Fowler failed to raise a genuine issue of material fact as to his substantive due process claim.

## CONCLUSION

For the foregoing reasons, we AFFIRM the summary judgment entered by the district court.

---

**2.** We recognize that the Eleventh Circuit subsequently repudiated a portion of this opinion. *See Monroe v. U.S. Dep't of Labor,* 690 F.2d 1359, 1363 (11th Cir.1982). However, *Monroe*s criticism concerned the *Bass* holding on procedural due process, and did not call into question the portion of the opinion dealing with substantive due process.