UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-40349
Summary Calendar
_____


GLEN HILL,

                              Plaintiff-Appellant,

                  versus

SILSBEE   INDEPENDENT   SCHOOL   DISTRICT;   H.C.   MUCKLEROY,
Superintendent, in his individual and official capacity,

                              Defendants-Appellees.

_____

Appeal from the United States District Court for the
Eastern District of Texas
(1:95-CV-102)
_____
November 19, 1996


Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Appellant, a public school teacher, brought suit under 42
U.S.C. § 1983 against his employer, the Silsbee Independent School
District, and its superintendent, H.C. Muckleroy.  He claimed that
he was removed from his supplemental assignment as an assistant

_____

[*]  Pursuant to Local Rule 47.5, the court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in Local Rule 47.5.4.

football coach in violation of his constitutional rights of due process and free speech. U.S. Const. amends. I, XIV. The district court granted summary judgment in favor of appellees on the merits, and in favor of Muckleroy on the basis of qualified immunity. For essentially the reasons given by the district court, we affirm.

Appellant claimed that his transfer violated his rights under both the substantive and procedural components of the Due Process Clause. An essential prerequisite for such a claim is the deprivation of a property or liberty interest. The district court correctly found that appellant suffered no such deprivation.

Appellant was paid his coaching stipend in full for the 1993-94 school year, despite his mid-season removal from his coaching position. Nonetheless, he claims that he was unconstitutionally deprived of his anticipated future income as a coach, as well as the responsibility and status that his coaching position afforded him. The district court correctly held these claims insufficient to justify a trial on appellant's due process claims.

Under state law at the time, appellant had no property interest in his future retention as a coach. *See* Tex. Educ. Code §§ 21.201-.211 (West 1987) (Term Contract Nonrenewal Act), *construed in Grounds v. Tolar Indep. Sch. Dist.*, 856 S.W.2d 417, 420 (Tex. 1993) (Gonzalez, J., concurring) (statute provided teachers, but not coaches, with property interest in contract renewal). Moreover, his employment contract stated that his

2

coaching assignment "create[d] no property interest," and expressly provided for his transfer or reassignment at any time.

Appellant cannot claim a property right in his coaching position, apart from the income he derived from it, unless the government affirmatively granted such a right. *See Jett v. Dallas Indep. Sch. Dist.*, 798 F.2d 748, 754 n.3 (5th Cir. 1986), *rev'd in part on other grounds*, 491 U.S. 701, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989). Nor does his claim of reputational harm amount to the kind of "stigma" that can result in the deprivation of a protected liberty interest.

In sum, to prevail on a substantive due process claims, a public employee must show that he was arbitrarily deprived of a constitutionally protected interest. *See Moulton v. City of Beaumont*, 991 F.2d 227, 230 (5th Cir. 1990) (citations omitted). To invoke the benefits of procedural due process, a public employee must first show that he enjoys an entitlement to his job. *Fowler v. Smith*, 68 F.3d 124, 127 (5th Cir. 1995) (citations omitted). Appellant has shown no property or liberty interest in his supplemental coaching position, and thus can demonstrate no substantive or procedural due process violation.

Appellant additionally contends that appellees removed him from his coaching position in retaliation for protected expression. He claims that he was transferred because he criticized the former athletic director's procurement practices and his fellow coaches'

3

violations of the department's tobacco policy.  The uncontroverted evidence, however, is that appellee Muckleroy learned of these statements after he had removed appellant from his coaching position.  The district court correctly held that these remarks could not have motivated appellant's transfer.[1]

Appellant's civil rights action under 42 U.S.C. § 1983 fails at the outset because appellant has failed to present a genuine issue of material fact as to whether his rights were violated.  He cannot prevail against the district, or against Muckleroy in his official capacity, because he cannot show that his rights were violated as the result of a governmental policy or custom.  *Monell v. Dep't of Social Serv.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  Nor was Muckleroy the final policy-maker with respect to employee transfers.  *See Jett v. Dallas Indep. Sch. Dist.*, 7 F.3d 1241, 1245 (5th Cir. 1993) (explaining that under Texas law, policy-making authority in an independent school district resided with the board of trustees rather than the superintendent).

In addition, appellant has produced no evidence that he was deprived of a "clearly established" right, and thus he cannot overcome Muckleroy's defense of qualified immunity. *See Hassan v. Lubbock Indep. Sch. Dist.*, 55 F.3d 1075, 1079 (5th Cir.) (citations

---

[1]     Muckleroy stated that he transferred Hill because Hill had made offensive remarks about the family of the district's former athletic director, which caused dissension and demoralization among the coaching staff.

4

omitted), *cert. denied*, --- U.S. ---, 116 S.Ct. 532, 133 L.Ed.2d 438 (1995).

The judgment of the district court is AFFIRMED.