**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 99-10437**
**Summary Calendar**

_____

**MICHAEL BITSOFF,**

**Plaintiff-Appellant,**

**versus**

**CITY OF DALLAS,**

**Defendant-Appellee.**

_____

**Appeal from the United States District Court**
**for the Northen District of Texas**
**(3-98-CV-1262-BD-R)**

_____

October 19, 1999

Before DAVIS, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

For this challenge to a summary judgment, at issue are whether the government employee's complaints about his supervisor's management style and conduct in office are protected by the First Amendment; and whether the claimed retaliation for exercising First Amendment rights is a deprivation of a property interest under the Fourteenth Amendment.

Michael Bitsoff was employed by a public service radio station owned by the City Of Dallas. His immediate supervisor was supervised by Greg Davis. In June 1997, the relationship between Bitsoff and Davis began to sour. Bitsoff made complaints to a City

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Human Resources Analyst and to Davis' Supervisor, that Davis' management style was verbally abusive, physically intimidating and creating a hostile work environment. Bitsoff also complained that Davis 1) demanded special services from vendors and clients; 2) negotiated deals that violated pre-existing contracts or benefitted Davis personally; and 3) ordered Bitsoff to falsify a mileage report (collectively malfeasance in office).

Following these complaints, Bitsoff claims that Davis retaliated against him, eventually leading to his resignation, which he equates to a constructive discharge. Bitsoff filed suit claiming retaliation for exercising his First Amendment rights and a Substantive Due Process claim regarding his property interest in his job.

The district court granted summary judgment for the City, holding that 1) the complaints about Davis' management style were not protected speech; 2) the reports of mismanagement and malfeasance in office were of public concern; but, that 3)Bitsoff had not presented any evidence linking these reports to an adverse employment action against him; and 4) that the deprivation of a property right in the job fell with the First Amendment claim, because it was based on the same underlying facts.

No authority need be cited for the rules that a summary judgment is reviewed *de novo*; and that such judgment is proper if there is no material fact issue, and the movant is entitled to judgment as a matter of law.

The three part test developed by this circuit for First Amendment retaliation cases is: 1) the speech involves a matter of public concern; 2) the employee's interest in commenting on the matter outweighs the employer's interest in promoting efficiency; and 3) the exercise of free speech was a substantial motivating factor in the adverse employment action. *E.g., **Denton v. Morgan,** 136 F.3d 1038, 1042 n.2 (5th Cir.1998). Essentially for the reasons stated by the district court, the summary judgment was proper. *See* **Connick v. Myers**, 461 U.S. 138, 146 (1983); **Fowler v. Smith** 68 F.3d 124, 128 (5th Cir. 1995).

**AFFIRMED**