IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60139
Summary Calendar

_____

ARIE W. BRUNT,

Plaintiff-Appellant,

versus

COAHOMA COUNTY (MS) SCHOOL DISTRICT;
ANN HARLAND WEBSTER, Individually and
in her official capacity as Superintendent
of Coahoma County (MS) School District;
DONALD JACKSON, Individually and in his
official capacity as Principal of Jonestown
Middle School; JULIA DAVIS; TED WINTER;
THURSTON PELLUM; LARRY HANES; BECKY B.
GORDON, All individually and in their
official capacities as members of the
Coahoma County (MS) School Board,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:98-CV-41-P-B
--------------------
January 4, 2001

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Arie Brunt appeals the district court's summary judgment in
favor of the defendants on her claims brought under Title VII of
the Civil Rights Act, 42 U.S.C. § 1983, and Mississippi state
law. Brunt has failed to challenge the district court's denial

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

of her motion to reconsider its order in light of her untimely response to the motion for summary judgment, submitted after the district court denied relief. This issue is therefore deemed abandoned on appeal. Brinkmann v. Abner, 813 F.2d 744, 748 (5th Cir. 1987). Although she did not file a response to the motion for summary judgment in the district court, Brunt may assert on appeal that the evidence presented by the defendants presented issues of material fact that would preclude summary judgment. See John v. Louisiana (Bd. of Tr. for St. Coll. and Univ.), 757 F.2d 698, 709-13 (5th Cir. 1985).

Brunt contends that the district court erred in granting summary judgment on her claims of race discrimination. The evidence presented showed that the defendants had set forth nondiscriminatory reasons for her termination. Although Brunt contends that those reasons are pretextual, her alternate reasons for termination are irrelevant to the question of race. To create a genuine issue of *material* fact, Brunt must show that the proffered reasons for termination were not the true reasons *and that race was*. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507-08 (1993). Brunt also maintains that the evidence presented reveals a pattern or practice of racial discrimination by the defendants. This evidence was hearsay, which is not competent summary-judgment evidence. Fowler v. Smith, 68 F.3d 124, 126 (5th Cir. 1995).

Brunt also contends that the district court should have denied summary judgment on her claims of retaliation under Title VII. The parties do not dispute the facts that Brunt has set

forth in support of her retaliation claim. Brunt is instead contending that the defendants were not entitled to summary judgment as a matter of law. Brunt failed to show an adverse employment action arising from her filing of an EEOC complaint. Her assertion that she did not receive a hearing to clear her name after she filed the complaint is not an "ultimate employment decision," protected under Title VII, but is instead an action with a "tangential effect" on the employment decision. Messer v. Meno, 130 F.3d 130, 140 (5th Cir. 1997), cert. denied, 525 U.S. 1067 (1999); Mattern v. Eastman Kodak Co., 104 F.3d 702, 707-08 (5th Cir. 1997). Brunt's assertion on appeal that she was attempting to get her job back at the hearing is belied by her deposition testimony that her main intent was to clear her name.

Brunt contends that the district court erred in granting summary judgment on her First Amendment claims. She asserts that she was improperly terminated after complaining to Superintendent Webster about a decision that was reached to continue the school day in the absence of water in the school. Brunt has failed to show that her speech was a matter of public concern. Although the content of her speech, public safety, may be a matter for public concern, the private nature of her communications with Webster, the lack of public debate on the subject, and Brunt's delay in communicating with Webster until after she knew a decision had been reached and shortly before the end of the school day weigh against a finding that Brunt's statements should be considered as arising from public concern. See Kennedy v. Tangipahoa Parish Library Bd. of Control, 224 F.3d 359, 372-73

(5th Cir. 2000). Likewise, Brunt's interests in speaking out were outweighed by the defendants' interests in maintaining the proper chain of command within the school, given Brunt's failure to complain until shortly before the end of the school day and after a decision to continue with the school day had been made.

Brunt asserts that the district court erred in granting summary judgment on her claims of a Fourteenth Amendment due process violation. She alleges that she has been denied a property interest in her secretarial job with the School District and a liberty interest in her good name. Because Brunt was an at-will employee under state law, she did not have a property interest in her job. See Martin v. Mem'l Hosp. at Gulfport, 130 F.3d 1143, 1147 (5th Cir. 1997); Solomon v. Walgreen Co., 975 F.2d 1086, 1089 (5th Cir. 1992). Brunt alleges that she had been approved to keep her position for the next school year, creating a protected interest. There is no evidence in the record supporting that assertion, and conclusional allegations are insufficient to create a genuine issue of material fact to withstand summary judgment. Little v. Liquid Air Corp, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc). As for Brunt's claims that she was denied a liberty interest in the loss of her good name, she has failed to show that the accusations of her failure to keep accurate receipts for the school implicated a challenge to her "'good name, reputation, honor, or integrity.'" See Bd. of Regents of State Coll. v. Roth, 408 U.S. 564, 573-74 (1972) (citation omitted).

Brunt maintains that the district court erred in granting summary judgment on her claim of defamation under state law. In Mississippi, a plaintiff alleging defamation must prove (1) a false and defamatory statement; (2) unprivileged publication to a third party; (3) fault amounting to at least negligence on the part of the publisher; and (4) damage. Franklin v. Thompson, 722 So. 2d 688, 692 (Miss. 1998). The accusation against Brunt involved her failure to maintain receipts for the school. Brunt has failed to show that this statement was either false or defamatory. Although Brunt alleges that the clear implication of this statement was that she was stealing school money, this is not clear from the actual words spoken, and her conjecture is insufficient under Mississippi law to show defamation. Ferguson v. Watkins, 448 So. 2d 271, 275 (Miss. 1984).

Brunt contends that the district court erred in dismissing her claims that her termination violated Mississippi public policy. An at-will employee in Mississippi may challenge her termination only if she is terminated for refusing to commit an illegal act for her employer or if the employee reports the employer's illegal act to authorities. McArn v. Allied Bruce-Terminix Co., Inc., 626 So. 2d 603, 607 (Miss. 1993). Brunt alleges that she had told Superintendent Webster that Principal Jackson was mishandling school money and that this fact led to her termination. Brunt has failed to show that this communication, which occurred in January 1997, had any bearing on her termination in June 1997.

Because Brunt has failed to show that the district court erred in granting summary judgment in favor of the defendants, the judgment is AFFIRMED.