# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 01-10887
Summary Calendar

JOYCE B. DOSS,

Plaintiff-Appellant,

VERSUS

MELQUIADES R. MARTINEZ,
SECRETARY OF HOUSING AND URBAN DEVELOPMENT,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
m 3:00-CV-267-BC(H)

July 10, 2002

Before JONES, SMITH, and EMILIO M.
GARZA, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under the
limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Joyce Doss, who is black, sued the Sec-
retary of Housing and Urban Development
("HUD"), alleging race discrimination and re-
taliation in violation of title VII of the Civil
Rights Act of 1964, as amended, 42 U.S.C.
§ 2000e *et seq*., and race discrimination in
violation of 42 U.S.C. § 1981. Doss asserts
claims of disparate treatment based on her race
and retaliation based on conduct protected by
title VII. The district court granted HUD's

motion to dismiss the § 1981 claims[1] and HUD's motion for summary judgment on the title VII claims. We affirm.

We review *de novo* the grant of summary judgment.[2] Summary judgment is appropriate when the pleadings and record evidence show that no genuine issue of material fact exists and that, as a matter of law, the movant is entitled to judgment.[3] In a thorough and well-reasoned memorandum opinion and order, the district court held that Doss had failed to establish a *prima facie* showing of disparate treatment based on race by admissible evidence.

Evidence based on hearsay is inadmissible and may not be considered on summary judgment,[4] and "[m]ere conclusory allegations are not competent summary judgment evidence."[5] The affidavits submitted in support of Doss's claim that white employees were treated more favorably than black employees are inadmissible. The statements of Teressia Smith and Brenda Briscoe fail for lack of personal knowledge, constitute inadmissible hearsay, and contain conclusional allegations. In addition,

Doss's testimony fails for lack of personal knowledge and even contradicts her allegations of disparate treatment. Thus, we agree with the district court's conclusion that Doss failed to make a *prima facie* showing of disparate treatment based on race, so summary judgment on this claim was proper.

Doss alleged retaliation for being placed on AWOL status and for her non-selection for the Dallas Community Builder position because she had filed and prosecuted previous EEO claims of discrimination against HUD. Although Doss established a *prima facie* case,[6] she failed her burden to present evidence raising a fact question as to whether HUD's asserted legitimate, non-retaliatory justifications were false or pretextual.[7] Accordingly, summary judgment on these claims was proper.

The district court also correctly granted summary judgment on Doss's additional claims of retaliation with respect to her supervisor's actions in placing her on leave restriction, giving her an official reprimand for

---

[1] Doss conceded that her § 1981 claims should be dismissed and does not challenge the district court's ruling on those claims.

[2] *Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1121 (5th Cir. 1998).

[3] FED. R. CIV. P. 56(c); *Nichols v. Loral Vought Sys. Corp.*, 81 F.3d 38, 40 (5th Cir. 1996).

[4] *See Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir. 1995); *Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 556 (5th Cir. 1980).

[5] *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992).

[6] To establish a *prima facie* case of retaliation, a plaintiff must show that (1) he engaged in an activity protected by Title VII; (2) he suffered from an adverse employment action; and (3) a causal connection exists between the protected activity and the adverse employment action. *Shackelford v. Deloitte & Touche, L.L.P.*, 190 F.3d 398, 407–08 (5th Cir. 1999).

[7] *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507–08 (1993) (stating that if the defendant rebuts the plaintiff's *prima facie* showing by demonstrating legitimate, nondiscriminatory reasons the adverse employment actions, the plaintiff has the burden to prove by a preponderance of the evidence that the legitimate reasons proffered were not its true reasons, but rather a pretext for discrimination).

insubordination, and rating her "fully successful" on her performance appraisal. As part of her burden to establish a *prima facie* case of retaliation, Doss must show that she suffered from an adverse employment action,[8] which means an "ultimate employment decision" only.[9] "'Ultimate employment decisions' include acts 'such as hiring, granting leave, discharging, promoting and compensating'"[10] but do not include acts that leave the employee's pay, benefits, and levels of responsibility unchanged.[11] The complained-of actions did not affect Doss's pay, benefits, or levels of responsibility and, therefore, do not constitute adverse employment actions and, accordingly, cannot support a claim of retaliation under title VII.

Finally, the district court properly dismissed Doss's claims of racial harassment and hostile work environment. The conduct in question was not severe or pervasive enough to create an objectively hostile or abusive work environment or harassment under title VII, and no disparate treatment occurred.[12]

AFFIRMED.

---

[8] *See Shackelford*, 190 F.3d at 407–08.

[9] *Mattern v. Eastman Kodak Co.*, 104 F.3d 702, 707 (5th Cir. 1997).

[10] *Id.* (quoting *Dollis v. Rubin*, 77 F.3d 777, 782 (5th Cir. 1995)).

[11] *Watts v. Kroger Co.*, 170 F.3d 505, 512 (5th Cir. 1999).

[12] *See Mattern*, 104 F.3d at 706.