United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 3, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 02-51287
(Summary Calendar)

AKO-DOFFOU,

Plaintiff-Appellant,

versus

UNIVERSITY OF TEXAS AT SAN ANTONIO,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas
(01-CV-336)

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Dr. Ako Doffou ("Dr. Doffou") appeals from the district court's grant of summary judgment

to his former employer, the University of Texas at San Antonio ("University of Texas") regarding his

Title VII claim for discriminatory discharge. For the following reasons, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

---

[*] Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

In December 1988, Dr. Doffou, a black male born in the Ivory Coast, was hired by the University of Texas as a visiting professor of finance. Dr. Doffou was subsequently given a tenure-track position as an assistant professor of finance, which the University of Texas renewed for a second year. The University of Texas, however, refused to reappoint Dr. Doffou for a third year. As a result, Dr. Doffou filed a Title VII suit claiming that he was not reappointed because of his race and national origin. The University of Texas moved for summary judgment, which the district court granted. Dr. Doffou now appeals.

## STANDARD OF REVIEW

We review a district court's grant of summary judgment *de novo*. Mowbray v. Cameron County, Tex., 274 F.3d 269, 278 (5th Cir. 2001). Summary judgment is appropriate only when the record indicates "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56.

## DISCUSSION

To establish a prima facie case of discriminatory discharge, a plaintiff must prove (1) that he is a member of a protected group, (2) that he was qualified for the job, (3) that he was discharged from the position, and (4) that he was replaced by someone outside that protected class. See Byers v. Dallas Morning News, Inc., 209 F.3d 419, 426 (5th Cir. 2000). If a plaintiff has established a prima facie case of discrimination, the employer must respond with a legitimate, nondiscriminatory reason for its decision. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 ( 1973). If the employer carries this burden of production, the burden shifts back to the plaintiff, who must prove that the legitimate reasons offered by the employer for its decision were not its true reasons, but were a pretext for discrimination. Id. at 804.

Dr. Doffou established a prima facie case of discrimination. Dr. Doffou, a black male of African descent, is a member of a protected class. Dr. Doffou was terminated from the University of Texas and was qualified to hold the position of assistant professor of finance. Dr. Doffou was also replaced by non-black professors. The University of Texas, however, has proffered legitimate reasons for terminating Dr. Doffou. The University of Texas claimed that it terminated Dr. Doffou because: 1) he made inappropriate threats and accusations to his colleagues; 2) a large number of grade grievances were filed by students in his finance course; 3) he sent inappropriate e-mails to students; and 4) he refused to accept his teaching load.[1]

After reviewing the record, we are persuaded that Dr. Doffou has not put forth adequate evidence demonstrating that the reasons articulated by the University of Texas are pretexts for discrimination.[2] Although Dr. Doffou offers explanations for his behavior, his explanations do not "create a fact issue as to whether each of the employer's stated reasons was what actually motivated the employer." Vadie v. Missisippi State Univ., 218 F.3d 365, 373 n. 23 (5th Cir. 2000). For example, although Dr. Doffou attempts to explain the reasons behind his behavior, he does not prove that the behavior complained of by the University of Texas did not occur. Moreover, Dr. Doffou's assertion that his status as a black male of African descent was a determinative factor in the

---

[1]The University of Texas's reliance on the e-mail Dr. Doffou sent to the University of New Orleans should not serve as a basis for his termination. The district court correctly found that Dr. Doffou presented sufficient facts to create a fact issue as to whether this e-mail actually motivated the University of Texas's decision to fire him.

[2]Dr. Doffou unpersuasively cites to Casarez v. Burlington Northern/Santa Fe Co., 193 F.3d 334 (5th Cir. 1999) in support of his argument that the totality of the facts demonstrate that the University of Texas's actions were motivated by his national origin and race. As the University of Texas points out, Casarez involved a case where the plaintiff adduced evidence demonstrating that the reasons given for his termination by his employer were false. Id. at 338. In this case, Dr. Doffou has not proven that the University of Texas's non-discriminatory reasons were false.

University of Texas's decision to terminate him is unpersuasive. Dr. Doffou's affidavit, based primarily on hearsay and his own opinion, does not "create a reasonable inference that [race and national origin] was a determinative factor in the actions of which [he] complains." Id; see also Fowler v. Smith, 68 F.3d 124, 126 (5th Cir. 1995) (noting that hearsay evidence and other evidence excludable at trial is not competent summary judgment evidence).

Furthermore, the "same-actor" inference counsels against a finding of pretext. Guy Bailey ("Bailey), University of Texas provost and vice-president of academic affairs, both recommended that Dr. Doffou be hired and fired. In Brown v. CSC Logic, Inc., this Court held that an inference against a finding of pretext is present where the same actor is responsible for the decision to both hire and fire the complaining employee. 82 F.3d 651, 658 (5th Cir. 1996). Dr. Doffou's argues that the same-actor inference is inapplicable because Bailey merely "rubber-stamped" the recommendations of his subordinates who harbored discriminatory animus toward Dr. Doffou. Dr. Doffou's argument fails because he did not put forth sufficient evidence demonstrating that Bailey's subordinates discriminated against him because of his race.

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment to the University of Texas.

AFFIRMED.