United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 29, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-61046
Summary Calendar

_____

CRAIG STEPHEN PARUDE,

Plaintiff-Appellant,

versus

CITY OF NATCHEZ; LEE EDWARD SCOTT,
Individually and in his official capacity as a member
of the Natchez Board of Examiners; YATES MCGRAW,
Individually and in his official capacity as a member of
the Natchez Board of Examiners; ANDREW CALVIT,
Individually and in his official capacity as a member of
the Natchez Board of Examiners; J. D. WHITEHEAD,
Individually and in his official capacity as a member of
the Natchez Board of Examiners; PAUL DAWES,
Individually and in his official capacity as Inspector for
the City of Natchez; JOHN COOKE, Individually and
in his official capacity as Inspector for the City of
Natchez; STANLEY BLAND,  Individually and
in his official capacity as Inspector for the City of
Natchez,

Defendants-Appellees.

_____

Appeal from the United States District Court for
the Southern District of Mississippi
(USDC No. 5:99-CV-145-BrS)

_____

Before REAVLEY, JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

Craig Pardue appeals the district court's summary judgment dismissal of his claims against the City of Natchez, Mississippi and individual City officials for discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), and the Rehabilitation Act, 29 U.S.C. § 794, and for deprivation of his constitutional rights in violation of 42 U.S.C. § 1983.  We affirm for the following reasons.

1.    Pardue repeatedly asserts that there are genuine issues of material fact which should have precluded the district court from granting summary judgment in favor of the City and the City employees named as individual defendants.  He never identifies what these issues are or provides any citations to the record.  We understand his argument to be that the district court did not fully consider the affidavit evidence submitted by Pardue in opposition to the City's motions for summary judgment.

2.    After reviewing the record, including the affidavits submitted by Pardue, it is

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

clear that the district court did not err by entering summary judgment against him on his ADA and Rehabilitation Act claims. As is required when a federal statute does not contain its own statute of limitations, the district court applied Mississippi's three-year statute of limitations on personal injury claims to Pardue's discrimination claims. Additionally, the evidence established that the City had no responsibility for administering the City's Master Mechanical Contractor's licensing examination after November 16, 1996, when Southern Building Code Congress International, Inc. ("SBCCI") assumed responsibility for all aspects of the testing. Pardue does not assign error to either of these conclusions.

3. Accordingly, the district court allowed Pardue to come forward with allegations to support an ADA or Rehabilitation Act claim arising after June 25, 1996 (three years before he filed suit) and before November 16, 1996 (when SBCCI assumed responsibility for the testing). Pardue failed to raise any allegations in this regard, and the district court dismissed his claims. Nothing in the affidavit evidence identified by Pardue in his brief or in the record calls this ruling into question.

4. Pardue further complains that the district court erred by granting summary judgment in favor of the City on his § 1983 claim. Pardue was arrested three

3

times for performing mechanical work without a license. He claims that the licensing statute was selectively enforced against him in violation of his liberty and property interests in pursuing his chosen profession free from unreasonable government interference. We agree with the district court that Pardue cannot show an entitlement to a license prior to passing the licensing examination, and thus his claim must be based upon a liberty interest in choosing and pursuing his chosen career rather than any property interest. See Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972) ("To have a property interest in a benefit, a person must . . . have a legitimate claim of entitlement to it."); see also NATCHEZ, MISS., CODE § 90-116 ("It shall be unlawful for any person to engage in the business of mechanical [work] . . . without first obtaining from the City Inspection Department a license to do so as set forth in this article."). In order to survive a motion for summary judgment, there must be evidence from which a reasonable jury can conclude that the City or individual defendants acted arbitrarily or capriciously in arresting and prosecuting Pardue. See Fowler v. Smith, 68 F.3d 124, 128 (5th Cir. 1995). Pardue does not contest the district court's conclusion that enforcement of the licensing laws advance a legitimate government purpose and that the City had a rational basis for arresting

4

Pardue. No evidence suggests that the government action in this case was arbitrary nor capricious. Thus, the arrests did not violate Pardue's liberty interest in pursuing his chosen profession.

5.  Pardue also alleged a violation of the equal protection clause of the Fourteenth Amendment based on the selective enforcement of the licensing requirement against him. To successfully bring a selective prosecution or enforcement claim, a plaintiff must prove that the government official's acts were motivated by improper considerations, such as race, religion, or the desire to prevent the exercise of a constitutional right. See Beeler v. Rounsavall, 328 F.3d 813, 817 (5th Cir. 2003); Bryan v. City of Madison, 213 F.3d 267, 277 (5th Cir. 2000) (both finding no denial of equal protection where the plaintiff failed to allege that the state action was motivated by impermissible considerations). The affidavit evidence presented by Pardue does not suggest that his arrests were motivated by any improper considerations.

6.  "This Court [has] stated that personal vindictiveness might be an improper motive in a selective enforcement case, but [] has 'never specifically addressed whether such a motive would be enough to support an equal protection claim without some other class-based discrimination.'" Beeler, 328

5

F.3d at 817-18 (quoting <u>Bryan</u>, 213 F.3d at 277 n.18).  We need not resolve that issue because Pardue has failed to produce any evidence to suggest that his arrests were motivated by personal vindictiveness on the part of City officials.  Pardue contends he was "harassed" and "singled out" by the law enforcement officials of Natchez because of the "politics of the community," but nothing in the record demonstrates that this alleged harassment was motived by the personal vindictiveness of any City official against Pardue.  Not all instances of selective prosecution raise equal protection concerns:

> [Selective prosecution] has two meanings in law.  The first is simply failing to prosecute all known lawbreakers, whether because of ineptitude or (more commonly) because of lack of adequate resources.  The resulting pattern of nonenforcement may be random, or an effort may be made to get the most bang for the prosecutorial buck by concentrating on the most newsworthy lawbreakers, but in either case the result is that people who are equally guilty of crimes or other violations receive unequal treatment, with some being punished and others getting off scot-free.  That form of selective prosecution, although it involves dramatically unequal legal treatment, has no standing in equal protection law.

<u>Esmail v. Macrane</u>, 53 F.3d 176, 178-79 (7th Cir. 1995) (citations omitted).

As Pardue offered no evidence that his arrests were the result of an improper motive or an "orchestrated campaign of official harassment directed against him out of sheer malice," <u>id.</u> at 179, the district court correctly dismissed his

equal protection claims.

7. Pardue also complains that the district court abused its discretion by denying his Rule 56(f) motion to hold in abeyance summary disposition of his § 1983 claims. As there was no summary judgment motion pending at that time Pardue brought the motion, the district court properly concluded that the motion was premature and denied it without prejudice. Pardue failed to renew the motion once the City moved for summary judgment. Assuming without deciding that the issue was properly preserved for appellate review, a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment. Washington v. Allstate Ins. Co., 901 F.2d 1281, 1285 (5th Cir. 1990). To obtain a Rule 56(f) continuance, the nonmovant must present specific facts explaining his inability to make a substantive response as required by Rule 56(e) and by specifically demonstrating "how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." Securities and Exchange Comm'n v. Spence & Green Chem. Co., 612 F.2d 896, 901 (5th Cir.1980) (quoting Willmar Poultry Co. v.

7

Morton-Norwich Products, Inc., 520 F.2d 289, 297 (8th Cir. 1975)). Pardue failed to explain how further discovery would produce evidence to defeat the City's motion for summary judgment to the district court, and he does not offer any such explanation on appeal. Thus, the trial court did not abuse its discretion by denying his motion.

8. Lastly, Pardue claims the trial court abused its discretion by declining to exercise supplemental jurisdiction over Pardue's state law claims once the federal claims were dismissed. Although Pardue identifies this as an issue presented in his brief, he did not actually brief the issue and we consider it waived. See Webb v. Investacorp, Inc., 89 F.3d 252, 257 n.2 (5th Cir. 1996) (holding that an appellant waives all issues not raised and argued in his initial brief on appeal). In any event, we conclude there was nothing unreasonable about the district court's decision to decline to consider the state law claims once the federal claims had been dismissed.

AFFIRMED.