United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 14, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

------------------------

No. 06-50384
Summary Calendar

------------------------

CONNY B HATCH, III

          Plaintiff - Appellant

     v.

WAL-MART STORES INC

          Defendant - Appellee

------------------------

Appeal from the United States District Court
for the Western District of Texas, Austin
USDC No. 1:05-CV-74

------------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

     Plaintiff-appellant Conny B. Hatch appeals the district
court's grant of summary judgment in favor of defendant-appellee
Wal-Mart Stores, Inc.  After a de novo review of the record, we
AFFIRM the judgment of the district court.

     Hatch's first point of error is that sufficient evidence
exists upon which a reasonable trier of fact could include

------------------------

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

1

defendant-appellee Wal-Mart Stores Inc. ("Wal-Mart") converted Hatch's property.[1]  The only evidence referred to by Hatch is a handful of tax documents and papers from the Social Security Administration.  The district court held that because this evidence does not suggest that Wal-Mart exercised dominion and control over Hatch's property, Hatch did not present sufficient evidence to support a claim of conversion.  We agree with the district court.  See Waisath v. Lack's Stores, Inc., 474 S.W.2d 444, 447 (Tex. 1971) (holding a cause of action for conversion is based on "[t]he unauthorized and wrongful assumption and exercise of dominion and control over the personal property of another to the exclusion of or inconsistent with the owner's rights.").

Hatch's second point of error (in part a rehash of the first) is that sufficient evidence exists that Wal-Mart violated provisions of the prior settlement agreement between the parties and invaded Hatch's privacy.  The district court concluded that Hatch presented no evidence to indicate Wal-Mart did not comply with the payment provisions of the settlement agreement and that the evidence Hatch did present suggested Hatch received all he was entitled to under the agreement.  Additionally, the district court held that the evidence was insufficient to establish Wal-Mart breached the confidentiality provisions of the settlement because the only evidence submitted by Hatch to support this

---

[1]  The property at issue in this lawsuit is the settlement proceeds from a prior lawsuit between the parties.

2

claim was hearsay.  See Fowler v. Smith, 68 F.3d 124, 126 (5th Cir. 1995) ("Evidence on summary judgment may be considered to the extent not based on hearsay.").  The district court also determined that because Hatch did not provide evidence that any facts made known were communicated to the public at large, the evidence was insufficient to support a cause of action for invasion of privacy.  See Indus. Found. of the South v. Tex. Indus. Acc. Bd., 540 S.W.2d 668, 683-84 (Tex. 1976) (holding that the publication of a private fact theory of invasion of privacy requires a showing that the private facts were communicated to the public at large, not just a small group of persons).  We agree with the district court.

Hatch's third point of error (again, a rehash) is that the district court erroneously granted summary judgment because genuine issues of material fact remain as to whether Wal-Mart complied with settlement provisions.  Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmovant, "there is no genuine issue of any material fact" and the moving party is "entitled to judgment as a matter of law." Brooks, Tarlton, Gilbert, Douglas & Kressler v. United States, 832 F.2d 1358, 1364; FED. R. CIV. P. 56(c).  Once the moving party establishes that there is no genuine issue, the burden shifts to the nonmoving party to produce evidence of the existence of a genuine issue for trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 321 (1986).  The nonmoving party cannot

3

satisfy his summary judgment burden with conclusory statements, speculation, and unsubstantiated assertions. <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc).

The district court held no genuine issues of material fact remain because the evidence submitted by Hatch supports Wal-Mart's theory that the accounting problems resulted from overpayment of Social Security and Medicare taxes and underpayment of federal income taxes. Further, the district court noted that the discrepancy pointed to by Hatch between the year-to-date total earnings on his paystubs and the taxable income reported to the IRS on the W-2 is equivalent to the amount Wal-Mart paid in tax-deductible health and disability insurance benefits. After reviewing the record, we agree with the district court that no genuine issue of material fact exists. Hill has not met his burden to produce evidence of the existence of a genuine issue for trial. <u>See</u> <u>Celotex Corp.</u>, 477 U.S. at 321. Hill did not provide more than conclusory statements, speculation, and unsubstantiated assertions. <u>See</u> <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d at 1429.

For the foregoing reasons, we AFFIRM the district court's judgment in favor of Wal-Mart. The mandate shall issue forthwith, and the Clerk shall accept no further filings from Hatch.