FILED
United States Court of Appeals
Tenth Circuit

March 7, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JAMES SARDAKOWSKI,

     Petitioner - Appellant,

v.

MIKE REMARO,

     Respondent - Appellee.

No. 17-1443
(D.C. No. 1:17-CV-01905-LTB)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
_____

Before **LUCERO**, **HARTZ**, and **McHUGH**, Circuit Judges.
_____

Applicant James Sardakowski was incarcerated in a Colorado state prison when he was charged with and convicted in state court of assault on a correctional officer. He was sentenced to a term of four years, to be served consecutively to his prior sentence. He unsuccessfully appealed in state court his new conviction and sentence, arguing, among other things, that he was improperly denied credit toward the new sentence for the time he was incarcerated between the date he was charged with assault and the date of his sentencing. He then sought relief in the United States District Court for the District of Colorado under 28 U.S.C. § 2241, but the court rejected his claim. He now seeks a certificate of appealability (COA) so that he can appeal that decision. *See Dulworth v. Jones*, 496 F.3d 1133, 1135 (10th Cir. 2007) (generally requiring COA to appeal adverse decision in § 2241 proceeding).

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

We deny a COA. It is not apparent to us what constitutional claim is being raised by Applicant. But in any event, his argument is so clearly lacking in merit that no reasonable jurist could debate the propriety of the district court's dismissal of the § 2241 application.

The Colorado statute governing sentence credit for presentencing incarceration is Colo. Rev. Stat. § 18-1.3-405 (2017), which states:

> A person who is confined for an offense prior to the imposition of sentence for said offense is entitled to credit against the term of his or her sentence for the entire period of such confinement. At the time of sentencing, the court shall make a finding of the amount of presentence confinement to which the offender is entitled and shall include such finding in the mittimus. The period of confinement shall be deducted from the sentence by the department of corrections. A person who is confined pending a parole revocation hearing is entitled to credit for the entire period of such confinement against any period of reincarceration imposed in the parole revocation proceeding. The period of confinement shall be deducted from the period of reincarceration by the department of corrections. *If a defendant is serving a sentence or is on parole for a previous offense when he or she commits a new offense and he or she continues to serve the sentence for the previous offense while charges on the new offense are pending, the credit given for presentence confinement under this section*

> *shall be granted against the sentence the defendant is currently serving for the previous offense and shall not be granted against the sentence for the new offense.*

(emphasis added). The final sentence of the statute is unambiguous. Applicant was not entitled to any credit on his new sentence. The only credit to which he was entitled for the time he was incarcerated on his prior sentence before his sentencing on the new conviction was credit toward the prior sentence. And he does not contend that he was denied that credit.

We **DENY** a COA and **DISMISS** the appeal. We **DENY** Applicant's request to proceed *in forma pauperis*.

Entered for the Court


Harris L Hartz
Circuit Judge
