# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 17, 2025

Lyle W. Cayce
Clerk

No. 24-30777

Felicia Scroggins,

*Plaintiff—Appellant*,

*versus*

City of Shreveport,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:18-CV-201

Before Smith, Dennis, and Richman, *Circuit Judges*.

Per Curiam:

*Pro se* plaintiff Felicia Scroggins appeals the summary judgment in favor of the City of Shreveport on her Title VII race and sex discrimination claims and her retaliation claims. We affirm.

Scroggins primarily complains that the district court improperly granted summary judgment before she had a chance to find substitute counsel.[1] She asserts that "specific protections apply to pro se litigants to ensure

---

[1] The City's motion for summary judgment was fully briefed on January 26, 2023. Scroggins's counsel withdrew from the case on June 3, 2024; the district court gave

they are not unfairly disadvantaged by their lack of legal representation." Because she cites no relevant authority, she has forfeited the argument. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 & n.1 (5th Cir. 2021).

In fact, of the ten cases Scroggins cites, four appear to be fake: (1) "Beard v. Maxey, 883 F.3d 1300 (5th Cir. 2018)"; (2) "Bennett v. United States, 46 F.3d 1068 (5th Cir. 1995)"; (3) "Gonzalez v. St. Louis County, 29 F.3d 285 (5th Cir. 1994)"; and (4) "Robinson v. United States, 404 F.3d 220 (5th Cir. 2005)."

Three actual cases do not say what Scroggins claims: *Fitzgerald v. Barnstable School Committee*, 555 U.S. 246 (2009) (not holding "that courts must provide sufficient factual findings and legal analysis to justify their rulings"); *Fowler v. Smith*, 68 F.3d 124 (5th Cir. 1995) (not stating that "district court should grant a reasonable extension" to allow a party "more time to find legal counsel due to confusion or a lack of legal knowledge"); *Jones v. City of Chicago*, 856 F.2d 985 (7th Cir. 1988) (not holding that "procedural defects in grievance processes should not automatically void a grievance unless the noncompliance prejudices the substantive claims of the grievant").

As for her retaliation claims,[2] citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), Scroggins complains that the district court

> did not adequately analyze whether Scroggins' grievance activity, coupled with her subsequent complaints regarding discrim-

---

Scroggins 30 days to find new counsel. A month later, the court granted Scroggins another one-month extension, warning that "[n]o further extensions will be granted." The court then gave a final one-month extension to September 5, 2024. The court granted the summary judgment motion on November 13, 2024.

[2] Scroggins claimed that the department retaliated when (1) it incorrectly reprimanded her for a safety incident and refused to remove the record after she won her appeal; (2) it "compelled" her to "undergo a fit for duty evaluation"; and (3) it disciplined her for backing a fire engine into a fence.

ination, was indeed met with retaliatory actions by the SFD. The court should have examined whether the actions against Scroggins, such as the denial of her grievance and her reprimand in November 2015, were pretextual. . . . [T]he evidence in the case—such as the voiding of her grievance and the timing of subsequent disciplinary actions—strongly suggests a pattern of retaliatory conduct.

Not so. The district court explained that she had failed to "produce[] . . . competent summary judgment evidence" of pretext necessary to survive summary judgment on any theory of retaliation.[3] She points us to no part of the record showing otherwise and has accordingly forfeited her challenge. *See Rollins*, 8 F.4th at 397 & n.1.

Scroggins says that "the lower court did not fully engage with th[e] line of reasoning" "that retaliation can include not just adverse employment actions but also actions that could deter a reasonable worker from engaging in protected activity." But evaluating her retaliation claims, the district court "assume[d]" that all three of her complained-of employment events "were adverse employment actions for purposes of retaliation claims."

With respect to her discrimination claims, Scroggins bemoans that the district court did not "adequately question[] whether the bidding procedures, as applied to [her], reflected discriminatory process." But applying the *McDonnell Douglas* framework,[4] the court did address her arguments about the impropriety of the bidding process. It concluded that Scroggins had provided evidence to support a *prima facie* case of discrimination but that

---

[3] *See Saketkoo v. Admins. of Tulane Educ. Fund*, 31 F.4th 990, 1000 (5th Cir. 2022) (applying *McDonnell Douglas* to Title VII retaliation claims).

[4] *See Outley v. Luke & Assocs., Inc.*, 840 F.3d 212, 216 (5th Cir. 2016) (applying *McDonnell Douglas* to Title VII race discrimination); *Haire*, 719 F.3d at 363 (same for sex discrimination).

the city had offered, for its actions, a legitimate and nondiscriminatory reason, which she had provided no evidence to rebut. Because she does not explain what was "inadequate[]" about that analysis, she has forfeited her challenge. *See Rollins*, 8 F.4th at 397 & n.1.

Scroggins also complains that the district court "failed to recognize that the issuance of [an EEOC] right-to-sue letter does not automatically negate the possibility of retaliation or other discriminatory practices." Again, the district court applied the *McDonnell Douglas* test to her retaliation and discrimination claims. It did not "negate" the claims with a right-to-sue letter.

AFFIRMED.

No. 24-30777

James L. Dennis, *Circuit Judge*, dissenting:

Felicia Scroggins appeals the district court's grant of summary judgment in favor of the City of Shreveport on her Title VII (A) race and sex discrimination claims and (B) retaliation claim. Because I would vacate the district court's judgment and remand for further proceedings, I respectfully dissent.

A

Scroggins, a Black woman, avers that the City's Fire Department discriminated against her because of her race and gender when it denied her two bids for a permanent Fire Engineer position with Station 22, choosing white men instead. The district court analyzed her race and gender discrimination claims together and concluded that Scroggins failed to present competent summary-judgment evidence showing that the City's explanations were pretextual under the *McDonnell Douglas*[1] framework.

At trial, a plaintiff must offer "substantial evidence" of pretext to rebut an employer's assertedly legitimate, nondiscriminatory reason for its actions. But, as we have explained, "[p]ut in terms closer to the summary judgment standard, the plaintiff must 'offer sufficient evidence to create a genuine issue of material fact' vis-à-vis the defendant's proffered reason."

---

[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Title VII prohibits discrimination "because of" a protected characteristic, including race and gender. 42 U.S.C. § 2000e–2(a)(1). Under the burden-shifting framework of *McDonnell Douglas*, the plaintiff must first demonstrate a prima facie case, and then the burden of production shifts to the defendant to proffer a legitimate, nondiscriminatory reason for its action. *Vaughn v. Woodforest Bank*, 665 F.3d 632, 636 (5th Cir. 2011). If the defendant does that, the plaintiff must then show "that the proffered legitimate nondiscriminatory reason is a pretext for discrimination." *Outley v. Luke & Assocs., Inc.*, 840 F.3d 212, 216 (5th Cir. 2016) (applying *McDonnell Douglas* to Title VII race discrimination); *Haire v. Bd. of Supervisors of La. State Univ. Agric. & Mech. Coll.*, 719 F.3d 356, 362 (5th Cir. 2013) (same for sex discrimination).

*Hager v. Brinker*, 102 F.4th 692, 704 (5th Cir. 2024) (quoting *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 349 (5th Cir. 2008)). A plaintiff may meet that burden by showing that the employer's "proffered explanation is not worthy of credence." *Kendall v. Block*, 821 F.2d 1142, 1146 (5th Cir. 1987). To the extent the district court imposed a higher burden, it erred.

The City contends it denied Scroggins the first promotion because Michael Hayes, a white man, was more qualified—specifically, because he knew how to perform the Fire Department's "pre-plan" maintenance procedure. Scroggins disputes that explanation. She submits evidence that the City violated its own policy when it awarded the job to Hayes, a paramedic, because internal rules prohibited a paramedic from bidding on a non-paramedic position unless all paramedic slots were filled. In a sworn declaration, Scroggins explained that when she asked why the City ignored that policy, she was told that Hayes received the position because he had experience preparing pre-plans. She later learned from the Fire Department's IT specialist, Harrietta Parker, and from Captain Michael Fredieu—the officer in charge of Station 22—that Hayes "had no idea how to do pre-plans and had never done them before."

The district court dismissed that evidence, reasoning: "[I]f it is *undisputed* that internal policies were not followed, a genuine issue of fact may exist. But here, Scroggins has not presented competent summary judgment evidence demonstrating that an internal [Department] policy was violated." That analysis reverses the proper standard. Scroggins did not need to prove an undisputed violation of policy. She needed only to create a genuine dispute of material fact. Her evidence—if credited—shows both that the City ignored its paramedic-bidding rule and that Hayes lacked the qualifications the City invoked to justify its decision. A reasonable jury could therefore conclude that the City's explanation "is not worthy of credence." *Kendall*, 821 F.2d at 1146.

The City offered a different explanation for denying Scroggins the second promotion: that she disqualified herself by failing to complete the competency-testing process. But the record shows this explanation was pretextual too. *First*, Scroggins presented evidence that none of the applicants fully completed the testing process, that Standridge—the white male comparator—received a failing score of 38% even though the policy required a passing grade, and that the Fire Department later changed its scoring criteria to justify awarding him the position. And *second*, Scroggins' evidence shows that the Fire Department denied her training shifts at Station 22 which would have prepared her for the test, allowing her only three shifts after she filed grievances, while Standridge trained at the station for months.

This record creates a genuine dispute over whether the City's stated reasons were legitimate and nondiscriminatory. A reasonable jury could find pretext, so the district court erred in granting summary judgment on Scroggins's race and gender discrimination claims.

B

The district court further erred when analyzing Scroggins's retaliation claim. It confined its review to the October 5, 2015, EEOC charge, and treated the relevant adverse actions as limited to a 2015 letter of reprimand, a 2016 fit-for-duty evaluation, and a 2017 corrective directive. Because only the 2015 letter followed closely after the October EEOC filing, the court found causation lacking for the others.

That framing misreads the claim. The record shows that Scroggins filed her initial EEOC charge alleging race and sex discrimination on July 24, 2015. The City then awarded the Station 22 positions to white male candidates less than two months later, in September 2015. She filed amended charges on October 5, 2015. By artificially narrowing the timeframe, the district court ignored the close temporal link between the July 24 charge, the

September job denials, the altered testing procedure, the Fire Department's refusal to provide training opportunities, and the grievances Scroggins filed in response. When the record is viewed as a whole, Scroggins raises genuine disputes of fact regarding causation and pretext. The district court's contrary conclusion cannot stand.

\*     \*     \*

At bottom, I would vacate the grant of summary judgment and remand for further proceedings. The majority declines to do so, reasoning that Scroggins forfeited her arguments through inadequate briefing. But Scroggins is a litigant proceeding *pro se*, and we must read her filings liberally. *Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019). Although *pro se* parties must comply reasonably with Federal Rule of Appellate Procedure 28, we have long recognized that "a *pro se* appellant's brief may merit review despite technical noncompliance when it at least argues some error on the part of the district court." *Grant v. Cuellar*, 59 F.3d 523, 523–24 (5th Cir. 1995).

Scroggins's brief meets that standard. She repeatedly asserts that the district court misapplied *McDonnell Douglas*, failed to consider how "bidding procedures, as applied to Scroggins, reflected discriminatory bias," and overlooked "the full context of Scroggins's claims of retaliation." She argues that "the Station 22 bidding process constituted race and gender discrimination and retaliation." Relying on *McDonnell Douglas*, she contends that the court ignored the complete timeline of her grievances and that the evidence demonstrates a "pattern of retaliatory conduct." She further maintains that after she filed her EEOC complaint "in relation to the Station 22 bidding process," "the lower court failed to recognize . . . the possibility of retaliation or other discriminatory practices . . . especially considering that Scroggins continued to face adverse actions from the [City] following her

EEOC complaint." These assertions, taken together, identify clear error in the district court's analysis and satisfy *Grant*'s lenient standard for *pro se* briefing.

It also bears noting that the City has not invoked the doctrine of forfeiture; it filed a twenty-one-page brief on the merits. The majority nevertheless applies that doctrine *sua sponte*.

Because this case is chock-full of fact disputes, I respectfully dissent from the majority opinion.